UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANWAR SEMAN,

    Plaintiff,

v.                                                           Case No. 10-11009

NATIONAL CITY HOME EQUITY,
WASHINGTON MUTUAL BANK, CHASE HOME
FINANCE LLC, and APEXMORTGAGE,       HONORABLE AVERN COHN

    Defendants.
_____/

**<ins>MEMORANDUM AND ORDER</ins>**
**<ins>GRANTING DEFENDANT JP MORGAN CHASE, N.A. and CHASE HOME FINANCE</ins>**
**<ins>LLC's MOTION TO DISMISS (Doc. 14)</ins>**
**<ins>AND</ins>**
**<ins>GRANTING DEFENDANT NATIONAL CITY HOME EQUITY's MOTION TO DISMISS</ins>**
**<ins>(Doc. 15)</ins>**
**<ins>AND</ins>**
**<ins>DISMISSING DEFENDANT APEXMORTGAGE</ins>**
**<ins>AND DISMISSING CASE</ins>**[1]

I. Introduction

This is a mortgage case. Plaintiff Anwar Seman is suing defendants National City Home Equity, now known as PNC Bank ("PNC"), Washington Mutual Bank, now JP Morgan Chase Bank, N.A., Chase Home Financing LLC (collectively, "Chase"),[2] and Apexmortgage. Plaintiff's claims pertain to two mortgage loans which are in default. Plaintiff essentially says that the figures on the loan application were inflated and/or

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(e)(2).

[2]Chase purchased certain loans and assets of Washington Mutual from the FDIC after Washington Mutual went into receivership.

inaccurate, particularly as to his income and expenses, and he was not properly informed of the terms of the loans. The complaint asserts the following claims: (I) declaratory relief - seeking a declaration that the mortgage debt is null and void, (II) quit title relief, (III) civil conspiracy - defendants have a pattern and practice of using the mails to defraud property owners, (IV) fraudulent misrepresentation, (V) fraudulent conversion, (VI) promissory estoppel, (VII) breach of contract, (VIII) violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, (IX) violation of the Fair Housing Act (FHA), 42 U.S.C. § 3601, and (X) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

Before the Court are motions to dismiss filed by Chases and PNC. For the reasons that follow, the motions will be granted. Because the remaining defendant, Apexmortgage, has never been served or otherwise appeared in the case, it will be dismissed. The case will be dismissed.

## II. Background

The relevant facts as gleaned from the complaint and the parties' papers follow.[3]

On December 10, 1999, plaintiff and his wife purchased property commonly known as 6972 Apple Blossom, West Bloomfield, Michigan for $135,000.00. The property was vacant land. Plaintiff later obtained a mortgage from lender Green Point

---

[3]As an initial matter, the Court has examined documents outside of the complaint but submitted in support of each defendants' motion to dismiss. It is well-established that documents not formally attached to a complaint may properly be considered on a motion to dismiss if the documents are referenced in the complaint and central to the claims. See Weiner v. Kalis and Co., 108 F.3d 86, 89 (6th Cir. 1997). The documents, which generally consist of the Mortgages, Notes, Loan Applications, and Qualified Written Requests, are referenced in the complaint and central to plaintiff's claims.

2

Savings and Green Point Mortgage on the home that had been built on the property.

On October 6, 2007, plaintiff submitted a loan application to Washington Mutual Bank for a refinancing loan in the amount of $800,000.00. The loan application indicated that the original cost of the home was $1,170,000.00. The loan was approved. Also on that date, plaintiff signed an adjustable rate note promising to repay the loan and granted Washington Mutual a mortgage on the property.

On June 7, 2007, plaintiff obtained another mortgage loan in a refinancing with PNC for $200,000.00. Like the loan with Washington Mutual, it was an adjustable rate loan.

On October 30, 2008, plaintiff sent a letter which purported to be a Qualified Written Request (QWR) under RESPA to both Chase and PNC which essentially demanded information about the origination of each loan. Both Chase and PNC responded.

On January 26, 2010, plaintiff sued defendants in state court. Defendants removed the case to federal court based on federal question jurisdiction.

III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

3

Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

IV.  Analysis

Chase and PNC each raise several arguments in support of their motions. Chase argues that the complaint should be dismissed because (1) it is not a proper defendant for the claims seeking money damages[4] based on Chase's Purchase and Assumption Agreement in which it did not assume such liabilities from Washington Mutual, (2) the Court lacks subject matter jurisdiction over any claims against Washington Mutual because they must be submitted to arbitration, (3) plaintiff's fraud claims lack particularity and fail to state a claim, (4) plaintiff has not alleged a prima facie breach of contract claim, (5) plaintiff's promissory estoppel claim fails because there was no promise, (6) plaintiff's RESPA claim fails because the letter sent to Chase

---

[4]These claims are: civil conspiracy, fraudulent misrepresentation, fraudulent conversion, promissory estoppel, violations of the FHA, and violations of TILA.

4

was not a QWR and because plaintiff suffered no damages, (7) plaintiff's FHA claim is barred by the statute of limitations, (8) plaintiff's TILA claim is also time-barred, (9) even if not time-barred, plaintiff's TILA claim is without merit because it is undisputed that plaintiff received all relevant TILA documents, (10) plaintiff is not entitled to an order quieting title because he has failed to allege a prima facie basis of title, and (11) plaintiff is not entitled to declaratory relief in the form of avoiding the mortgage because he has failed to articulate authority for such a claim, which is actually a remedy, to which plaintiff is not entitled. Each argument is accompanied by a detailed analysis of the allegations in the complaint, relevant documents, and citation to relevant authority.

PNC argues that the complaint should be dismissed because (1) the fraud claims (civil conspiracy, fraudulent misrepresentation, fraudulent conversion) are not plead with the requisite particularity and fail to state a claim, (2) plaintiff's breach of contract claim fails to allege the essential elements with sufficient factual support, (3) plaintiff fails to state a claim for promissory estoppel; no promise is alleged, (4) plaintiff's RESPA claim fails as a matter of law because PNC was not required to respond to plaintiff's purported QWR and plaintiff has not alleged damage, (5) plaintiff si not entitled to quiet title as he has alleged nothing more than conclusory assertions, and (6) plaintiff's declaratory relief claim lacks proper legal foundation. Like Chase's motion, each argument references the complaint and documents and cites relevant authority.

Plaintiff filed a response to each motion. Neither response contained any substantive answer to any of defendants' arguments as to why the complaint should be

5

dismissed.[5]  Plaintiff's failure to address Chase and PNC's arguments in support of dismissal is tantamount to abandoning his claims.  As such, dismissal is appropriate for this reason.  See Sinishtaj v. Chase Home Finance, LLC, 2009 WL 4950464 (E.D. Mich. Dec. 15, 2009).

Instead, plaintiff argues that "newly discovered evidence," which was attached to each response, warrants denial of the motions and provides grounds for his claims.  The evidence consists of several pages of Senate Subcommittee hearings regarding the mortgage loan industry.  Plaintiff, however, fails to explain how this information is supportive of his claims or otherwise cures the defects in pleading noted in defendants' motion.

Moreover, plaintiff's request to amend the complaint is not warranted.  Putting aside that plaintiff did not attach his proposed amended complaint, the only facts proffered in his response are conclusory allegations concerning the Senate Subcommittee's investigation of the entire mortgage lending industry.  These hearings have no relation to the loan transactions at issue here.  In short, plaintiff fails to explain how amendment would overcome Chase and PNC's arguments in support of dismissal.  As such, any amendment would be futile.  See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

---

[5]Plaintiff also suggests that the Court convert the motions to dismiss to motions for summary judgment because documents outside the complaint have been submitted.  The Court disagrees.  As explained supra, the Court may consider documents referenced in the complaint without having to convert the motions to dismiss to summary judgment motions.

In the end, because no useful purpose would be served by reiterating all of the arguments in Chase and PNC's motions, all of which are well-taken and with which the Court agrees entirely, the Court adopts and incorporates by reference all of the arguments. The complaint suffers from all the deficiencies articulated in the motions.

V. Conclusion

For the reasons stated above, Chase and PNC's motions to dismiss are GRANTED.

Apexmortgage is DISMISSED for failure to prosecute. See Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

This case is DISMISSED.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: November 5, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 5, 2010, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160